THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD C. ROBINSON, Appellant.— This is an appeal from a judgment of conviction of the crime of grand larceny in the first degree. Appellant urges that the People have, *first*, failed to prove defendant guilty beyond a reasonable doubt; *second*, the court erred in permitting the People to offer proof that the R. C. Robinson Securities Corporation had been closed on the application of the Attorney-General; *third*, the court erred in refusing a mistrial because of the misconduct of Bernard Abramson; *fourth*, the district attorney's conduct throughout the trial and during the summation are alleged as grounds for setting aside the conviction. The indictment charged the defendant on the 24th day of September, 1934, appropriated to his own use $4,117.80, the proceeds of 857 shares of stock of the Bankers National Investing Corporation, which had been sold by him for the order of Juanita B. Bates. It is alleged that Juanita B. Bates had instructed the defendant to place this money in Empire Capital Corporation Class A stock. There was a sharp conflict in the evidence. The trial left much to be desired. The district attorney at times assumed a good deal of latitude. Bernard Abramson was called as a witness for the People. He was senior securities accountant, attached to the Department of Law of the State of New York, Bureau of Securities. He had taken a civil service examination along the line of accounting; he was a graduate from a law school in 1930 and was admitted to the bar of the State of New York. He made an examination of the books of the defendant's corporation and was asked: " Q. Did you examine the books with reference to the Juanita B. Bates account? A. That was one of the various larcenies uncovered." Motion for a mistrial was made on account of this. These tactics are to be severely condemned on the part of a civil service employee of the State of New York, testifying in a court of justice, and especially when that particular witness happens to be an attorney and counselor at law. The record has been examined fully. There were some errors committed but nothing that would warrant, under the provisions of section 542 of the Code of Criminal Procedure, disturbing the verdict of the jury or the judgment of conviction. Judgment of conviction affirmed, under section 542 of the Code of Criminal Procedure. Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ., concur.

MARIAN HEYEN, an Infant, by JULIA HEYEN, Her Guardian ad Litem, Appellant, v. RADIO CITY, INC., Respondent.— The infant plaintiff was injured while attending defendant's theatre by falling upon the floor because she failed to lower the spring seat before sitting down. The jury has found that defendant was not negligent. The evidence sustains the verdict. There was no substantial error which requires a reversal. Judgment and order unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.